UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-20962-ALTMAN/Matthewman

**LUCIA L. CASTILLO**,

    *Plaintiff*,

*v.*

**FRANK BISIGNANO**,[1]

    *Defendant.*

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This case came before us when the Plaintiff sought our review of an Administrative Law Judge's denial of the Plaintiff's various applications for Social Security benefits. *See* Complaint [ECF No. 1]. Both the Plaintiff and the Defendant filed cross-motions for summary judgment, and we referred those to Magistrate Judge William Matthewman for a report and recommendation. *See* Order Referring Case [ECF No. 8]. On January 13, 2026, Magistrate Judge Matthewman issued his Report and Recommendation (the "R&R") [ECF No. 18], in which he "recommends that the decision of the Commissioner be AFFIRMED." *Id.* at 24. In other words, Magistrate Judge Matthewman "recommend[ed] that Plaintiff's Motion for Summary Judgment [DE 13] be DENIED, and Defendant's Motion for Summary Judgment [DE 16] be GRANTED." *Ibid.*

Magistrate Judge Matthewman also issued the following warning:

> The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Roy K. Altman. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. We therefore substitute Bisignano for Lee Dudek under Rule 25(d).

unobjected-to factual and legal conclusions contained in this Report and Recommendation.

*Ibid.* (first citing 28 U.S.C. § 636(b)(1); then citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985); then citing *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); and then citing 11th Cir. R. 3-1 (2016)). More than fourteen days have passed, and neither side has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 18] is **ACCEPTED and ADOPTED** in full.
2. The Plaintiff's Motion for Summary Judgment [ECF No. 13] is **DENIED** and the Defendant's Motion for Summary Judgment is **GRANTED** [ECF No. 16].
3. A final judgment under FED. R. CIV. P. 58 is forthcoming.

**DONE AND ORDERED** in the Southern District of Florida on January 28, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record